IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY L. BARNES and AMBER N. BARNES, | § § § | No. 53, 2024 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. S23C-04-007 |
| KEVIN M. HOOPER and HARRINGTON RACEWAY, INC. d/b/a HARRINGTON RACEWAY & CASINO, | § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: February 8, 2024
Decided:   March 26, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

### ORDER

After consideration of the notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)    Plaintiff-appellant Gregory L. Barnes was severely injured in a traffic accident in June 2022. As alleged in the complaint filed in the Superior Court, security personnel of defendant-appellee Harrington Raceway, Inc. ("Harrington") were informed at approximately 7:00 p.m. on June 16, 2022, that defendant-appellee Kevin M. Hooper had parked his vehicle in a handicap-parking spot on Harrington's property. Although Hooper was a frequent patron of Harrington's facility, he did

not enter the facility on the night at issue, nor does the complaint allege that Harrington served Hooper alcohol that night. At approximately 9:00 p.m., someone reported to the security personnel that Hooper was passed out in his vehicle. The security personnel approached the vehicle and saw Hooper asleep inside, with an open bottle of vodka between his legs and a large empty beer can in the center console. The security personnel awakened Hooper, removed the alcohol from the vehicle, and then allowed Hooper to drive away, without calling the police or trying to prevent Hooper from leaving the premises. Within seconds of exiting Harrington's property onto South Dupont Highway, Hooper's vehicle struck Barnes's motorcycle, causing catastrophic bodily injury to Barnes.

(2)    Barnes and his wife brought suit against Hooper and Harrington. As to Harrington, the complaint alleged that Harrington (i) negligently failed to train its security personnel or to exercise reasonable care for the protection of third parties when its personnel did not contact the police or otherwise stop Hooper from driving away from its premises in an intoxicated state, and (ii) was vicariously liable for the alleged negligence of its security personnel. Harrington moved to dismiss the claims against it under Superior Court Rule of Civil Procedure 12(b)(6). The Superior Court granted the motion. The court held that Harrington did not owe a duty to the plaintiffs because (i) the accident did not occur on Harrington's property and, therefore, the complaint did not allege a basis for premises liability, and (ii) under

Delaware law, there is no cause of action against a tavern operator by a third-party who is injured off-premises by a person who became intoxicated at the tavern (and, in any event, the plaintiffs did not allege that Harrington served Hooper alcohol).[1] The court also rejected the plaintiffs' assertion that Harrington assumed a duty to the plaintiffs under Section 324A of the *Restatement (Second) of Torts*[2] when its security personnel intervened by waking Hooper and taking his alcohol.[3]

(3)  The Superior Court denied the plaintiffs' application for certification of an interlocutory appeal. The court held that its ruling on the motion to dismiss decided a substantial issue of material importance because it considered the merits of the case, not collateral matters.[4] But the court concluded that the considerations

---

[1] *Barnes v. Hooper*, 2024 WL 165987, at *2-3 (Del. Super. Ct. Jan. 12, 2024); *see also id.* at *2 ("It would be illogical for a dram shop to receive greater protections when it *serves* alcohol to a patron than when it *didn't* serve alcohol to the patron.").

[2] Section 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 324A.

[3] *See Barnes*, 2024 WL 165987, at *3 (stating that "[a]ttempts to circumvent the lack of dram shop liability using Section 324A have failed in previous cases," discussing *McCall v. Villa Pizza, Inc.*, 636 A.2d 912 (Del. 1994), and also concluding that Harrington did not render services to Hooper as required for liability under Section 324A).

[4] *Barnes v. Hooper*, 2024 WL 467378, at *1 (Del. Super. Ct. Feb. 6, 2024).

set forth in Rule 42(b)(iii) did not weigh in favor of certification. The court rejected the plaintiffs' argument that Rule 42(b)(iii)(A)[5] supported certification, concluding that its decision was consistent with well-established case law regarding premises and dram-shop liability and Section 324A of the Restatement.[6] The court also determined that Rule 42(b)(iii)(G)[7] did not support certification because, although the interlocutory order terminated the litigation against Harrington, the plaintiffs' claims against Hooper remained pending.[8] The court also concluded that interlocutory review would not serve considerations of justice[9] because, although Barnes had suffered serious injuries and incurred hundreds of thousands of dollars in medical expenses for which Hooper was underinsured, the court could not "allow sympathy to outweigh the well-settled caselaw of this State and to allow a cause of action to go forward when the Delaware legislature has declined the opportunity to allow for such a cause of action."[10] Finally, the court concluded that the potential

---

[5] *See* DEL. SUPR. CT. R. 42(b)(iii)(A) (providing that the trial court shall consider whether the interlocutory order "involves a question of law resolved for the first time in this State" when deciding whether to certify an interlocutory appeal).

[6] *Barnes*, 2024 WL 467378, at *2.

[7] *See* DEL. SUPR. CT. R. 42(b)(iii)(G) (providing that the trial court shall consider whether "review of the interlocutory order may terminate the litigation" when deciding whether to certify an interlocutory appeal).

[8] *Barnes*, 2024 WL 467378, at *2.

[9] DEL. SUPR. CT. R. 42(b)(iii)(H).

[10] *Barnes*, 2024 WL 467378, at *2.

benefits of interlocutory review did not outweigh the inefficiency, disruption, and cost of an interlocutory appeal.[11]

(4) We conclude that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[12] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[13] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[14] The plaintiffs may seek review of the Superior Court's ruling after the claims against Hooper are resolved.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] *Id.*
[12] DEL. SUPR. CT. R. 42(d)(v).
[13] *Id.* R. 42(b)(ii).
[14] *Id.* R. 42(b)(iii).

5